Daniel Lohr
38965 Dexter Rd SPC 20
Dexter, OR 97431
Phone: (541) 292-2829
Email: tinyhouseshed@gmail.com
Self-Represented Petitioner

FILED 08 MAY '26 14:28 USDC-ORE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

DANIEL LOHR,

Petitioner,

V.

STATE OF OREGON; HON. MATTHEW

McALPIN, Lane County Circuit

Court Judge, in his official capacity,

Respondent.

Case No. 6:26-cv-00929-AN

**EMERGENCY PETITION FOR**

**TEMPORARY RESTRAINING ORDER**

**AND PETITION FOR WRIT OF**

**HABEAS CORPUS (28 U.S.C. § 2241)**

**AND FED. R. CIV. P. 65(b)**

**IMMEDIATE RELIEF REQUESTED**

pd. 15963

Emergency TRO & Habeas Petition – Page 1

## EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER

## AND WRIT OF HABEAS CORPUS

*Pursuant to 28 U.S.C. § 2241 and Fed. R. Civ. P. 65(b)*

**Conferral Certification:** Petitioner has not conferred with Respondent because the relief sought is an ex parte temporary restraining order under Fed. R. Civ. P. 65(b)(1). Petitioner will suffer immediate and irreparable injury before the adverse party can be heard in opposition. The threatened involuntary psychiatric evaluation is scheduled for May 18, 2026. LR 7-1(a)(1).

## I. INTRODUCTION AND EMERGENCY

Petitioner Daniel Lohr faces an involuntary psychiatric evaluation in Lane County Circuit Court Case No. 26CR11516, scheduled for May 18, 2026—eleven days from the date of this filing. The evaluation was ordered by Petitioner's appointed public defender—not by a judge following a hearing—in direct retaliation for Petitioner's presentation of certified court records proving that the underlying stalking protective order is void *ab initio* for lack of subject-matter jurisdiction. The issuing judge has judicially admitted this defect in writing.

If the evaluation proceeds, Petitioner faces the "dual deprivation" identified in *Vitek v. Jones*, 445 U.S. 480, 492 (1980): mandatory behavior modification and the permanent stigma of being labeled mentally ill. If the evaluator—a state-contracted psychologist—finds Petitioner "unable to aid and assist," Petitioner faces indefinite involuntary commitment to a system where the Oregon Health Authority was found in federal contempt (June 6, 2025, Hon. Adrienne Nelson), average waits exceed 20 days, and at least two detainees have died awaiting admission.

## II. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 2241(c)(3), as Petitioner is subject to state custody or the imminent threat thereof in violation of the Constitution of the United States. A pretrial detainee need not exhaust state remedies before filing a § 2241 petition. *McNeely v. Blanas*, 336 F.3d 822, 824 (9th Cir. 2003).

Furthermore, Petitioner has no adequate state remedy. The Lane County Circuit Court clerk refuses all pro se filings in Case No. 26CR11516 because Petitioner is "represented" by the very attorney who ordered the retaliatory evaluation. The electronic filing system rejects Petitioner's filings. Appointed counsel has refused to file any motion challenging the evaluation. Petitioner's only available state remedy—an Oregon Supreme Court mandamus—is pending but has not been ruled upon.

## III. THE THREATENED CONSTITUTIONAL VIOLATION IS IMMINENT

Under *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014), a constitutional challenge is ripe when the plaintiff faces a "credible threat" of enforcement and when "the threatened injury is certainly impending." The May 18 evaluation is not speculative. It is calendared. It was ordered over Petitioner's express objection. And its consequences—indefinite commitment, forced medication, speedy trial tolling—are irreversible.

## IV. THE WINTER v. NRDC STANDARD IS MET

Under *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008), a TRO requires: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) balance of equities favoring the movant; and (4) the public interest.

**A. Likelihood of Success on the Merits.** The evaluation was ordered without a single procedural protection required by *Vitek v. Jones*, 445 U.S. 480 (1980): no written notice, no adversarial hearing, no independent decision-maker, no written statement of reasons, and no

appointed counsel for the commitment proceeding. Under *Sell v. United States*, 539 U.S. 166 (2003), none of the four criteria for involuntary psychiatric intervention are met: the charges are misdemeanor-level; Petitioner is already competent; no medical professional has identified any basis for intervention; and a simple demurrer would resolve the charges entirely. Under *Mills v. Rogers*, 457 U.S. 291 (1982), Petitioner retains a constitutionally protected liberty interest in refusing psychiatric intervention, which has received no judicial hearing.

**B. Irreparable Harm.** The *Vitek* Court identified the harm as irreparable by its nature: "mandatory behavior modification" and permanent "stigmatizing consequences." 445 U.S. at 492. Once committed, Petitioner's speedy trial clock stops, his access to the courts is severed, and forced medication may be administered under "emergency" loopholes. These injuries cannot be remedied after the fact.

**C. Balance of Equities.** A brief delay of the evaluation pending this Court's consideration of the merits costs the State nothing. The underlying charges are misdemeanors. Petitioner is not a flight risk. Petitioner is not dangerous—no allegation of dangerousness has ever been made. The State's only interest is administrative convenience. Petitioner's liberty interest outweighs that convenience.

**D. Public Interest.** The public has a paramount interest in ensuring that psychiatric evaluations are not used as retaliatory tools to silence defendants who identify jurisdictional defects. Oregon's system—in which 58% of state hospital beds are occupied by forensic "aid and assist" holds, and the system has been found in federal contempt—is in crisis. This Court's intervention serves the public interest in constitutional governance.

## V. HABEAS CORPUS GROUNDS

**Ground One:** *Vitek* Due Process Violation. The evaluation was ordered without any of the six procedural protections mandated by the Supreme Court. 445 U.S. at 494–95.

**Ground Two:** *Sell* Four-Prong Test Not Met. None of the four criteria for involuntary intervention are satisfied. 539 U.S. at 179–81.

**Ground Three:** First Amendment Retaliation. The evaluation was ordered in direct temporal response to Petitioner's presentation of exculpatory evidence and his exercise of constitutionally protected petitioning activity (filing a federal civil removal).

**Ground Four:** Sixth Amendment "Gideon Trap." The evaluation tolls Petitioner's speedy trial rights and was triggered by appointed counsel, transforming the right to counsel into the right to be silenced.

**Ground Five:** Access to Courts. The Lane County Circuit Court's refusal to accept any pro se filings from Petitioner- while appointed counsel refuses to file on his behalf- constitutes a complete denial of access to the courts in violation of the First and Fourteenth Amendments.

## VI. EXHAUSTION OF STATE REMEDIES

Exhaustion is not required for a § 2241 pretrial habeas petition. *McNeely v. Blanas*, 336 F.3d 822, 824 (9th Cir. 2003). Furthermore, Petitioner is excused from exhaustion because the state process is demonstrably blocked: the court clerk refuses pro se filings from petitioner; appointed counsel refuses to act; the electronic filing system rejects submissions; and a pro se mandamus petition to the Oregon Supreme Court is pending but unresolved. The State cannot demand exhaustion of a remedy it actively blocks Petitioner from accessing.

## VII. PRAYER FOR RELIEF

Petitioner respectfully requests that this Court:

A. Issue a Temporary Restraining Order under Fed. R. Civ. P. 65(b) immediately enjoining the May 18, 2026 psychiatric evaluation in Lane County Circuit Court Case No. 26CR11516;

B. Order Respondent to show cause within 14 days why a preliminary injunction should not issue;

C. Issue a Writ of Habeas Corpus declaring that the involuntary psychiatric evaluation violates Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments;

D. Enjoin Respondent from ordering any involuntary psychiatric treatment, medication, or commitment pending resolution of the underlying criminal case;

E. Grant such other relief as this Court deems just.

## VERIFICATION

I, Daniel Lohr, declare under penalty of perjury under the laws of the United States, 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Daniel Lohr, Petitioner Pro Se
38965 Dexter Rd SPC 20, Dexter, OR 97431
(541) 292-2829 | tinyhouseshed@gmail.com
Date: _May 8, 2026_