IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL LOHR,

          Petitioner,

v.

STATE OF OREGON and MATTHEW
MCALPIN, in his official capacity,

          Respondents.

Case No.: 6:26-cv-00929-AN

OPINION AND ORDER

Petitioner Daniel Lohr, who is self-represented and thus proceeding pro se,[1] filed an emergency petition for temporary restraining order ("TRO") and writ of habeas corpus. *See* Pet., ECF 1. For the reasons stated below, petitioner's request for a TRO is DENIED and the writ of habeas corpus is DISMISSED.

Petitioner has been charged with misdemeanor violations of Oregon Revised Statutes § 163.750(2)(a) in Lane County Circuit Court Case No. 26CR11516, captioned *State of Oregon v. Lohr*. Petitioner asserts that an "involuntary psychiatric evaluation" has been ordered in the state court case regarding petitioner's competency to stand trial and argues that this evaluation was ordered in retaliation for arguments he made against his prosecution. Pet. 2. Plaintiff represents that the evaluation was ordered over his express objection and at the behest of his court-appointed public defender, and that it is scheduled for May 18, 2026. *Id.* at 2-3. Petitioner argues that the psychiatric evaluation violates due process rights articulated in *Vitek v. Jones*, 445 U.S. 480 (1980) and *Sell v. United States*, 539 U.S. 166 (2003); constitutes First Amendment retaliation; violates petitioner's

---

[1] Because petitioner is self-represented, the Court liberally construes petitioner's filings and "'afford[s] the petitioner the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

speedy trial rights; and stems from the state court's refusal to accept his pro se filings.  *Id.* at 3-5. Petitioner asks this Court to issue a TRO enjoining the psychiatric evaluation, order respondents to show cause why a preliminary injunction should not issue; issue a writ of habeas corpus declaring that the involuntary psychiatric evaluation violates petitioner's constitutional rights; enjoin respondent from ordering any involuntary psychiatric treatment, medication, or commitment pending resolution of the underlying criminal case; and grant any other relief the Court deems just.  *Id.* at 6.

## DISCUSSION

The Court cannot reach the merits of petitioner's claims because they are barred by the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971).  "*Younger* abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a pending state court proceeding."  *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 n.4 (9th Cir. 2004).  *Younger* abstention applies "when '(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.'"  *Betschart v. Oregon*, 103 F.4th 607, 617 (9th Cir. 2024) (quoting *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019)).  However, even if these requirements are met, federal courts should not abstain "if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'"  *Arevalo v. Hennessy*, 882 F.3d 763, 765-66 (9th Cir. 2018) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

Here, all four *Younger* factors are met.  First, petitioner's criminal prosecution in Lane County Circuit Court was initiated months before this case was filed and is an ongoing state judicial proceeding. *See State of Oregon v. Lohr*, Case No. 26CR11516 (Lane Cnty. Cir. Ct.) (filed Feb. 27, 2026).  Second, criminal prosecutions are the height of state interests that *Younger* abstention is designed to protect— indeed, *Younger* itself concerned a state criminal prosecution.  *See Younger*, 401 U.S. at 38-41.  Third, petitioner has adequate opportunities to raise constitutional challenges.  He was able to pursue his constitutional claims through a mandamus petition to the Oregon Supreme Court, which he filed on April

24, 2026. *See State of Oregon v. Lohr*, Case No. S072882 (Or. Supreme Ct.); *see also Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (agreeing with district court's conclusion that the ability to raise a constitutional challenge through a mandamus petition to the Oregon Supreme Court satisfied the third *Younger* factor even where that petition was denied). If he believes that the trial court has violated constitutional rights that implicate the integrity of the proceedings—e.g., by not permitting self-representation consistent with *Faretta v. California*, 422 U.S. 806, 835-36 (1975)—he also has the right to appeal. *See Stockton v. Brown*, 152 F.4th 1124, 1138 (9th Cir. 2025) (an appeals process "affords litigants an 'adequate opportunity to raise [their] constitutional claims'" (quoting *Alsager v. Bd. of Osteopathic Med. & Surgery*, 573 F. App'x 619, 620-21 (9th Cir. 2014))). Fourth and finally, petitioner effectively asks the Court to enjoin the ongoing criminal prosecution against him. *See* Pet. 6. A psychiatric evaluation is a necessary precursor to determining both whether a defendant is able to aid and assist defense counsel during trial and whether he can knowingly waive his right to counsel; enjoining such an evaluation would prevent these critical determinations and functionally enjoin the prosecution as a whole. *Cf. Bean*, 986 F.3d at 1133 (agreeing with the district court's conclusion that invalidating an involuntary medication order "would have the practical effect of enjoining the state criminal proceeding"). Therefore, *Younger* abstention applies here unless there is an "extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 435.

There are no extraordinary circumstances that make *Younger* abstention inappropriate here. In *Bean*, although the Ninth Circuit found that the *Younger* factors were satisfied, it "recognized an irreparable harm exception to *Younger*" and applied it in the context of involuntary medication orders. *Bean*, 986 F.3d at 1133-34 (citing *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)). However, the irreparable harm is in involuntary psychiatric *medication*, not an involuntary *evaluation*. *See id.* at 1134-36. This is because the "forcible injection of medication represents a 'substantial interference with [a] person's liberty.'" *Id.* (alteration in original) (quoting *Riggins v. Nevada*, 504 U.S. 127, 134 (1992)). The Court does not find that a psychiatric evaluation presents a similar interference with petitioner's liberty. Indeed, a psychiatric evaluation is core to the due process that

petitioner invokes with respect to involuntary psychiatric medication. *See, e.g.*, *Sell*, 539 U.S. at 179 (holding that a defendant may be involuntarily medicated to restore competence "only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking into account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests"—factors that often require a psychiatric evaluation). Further, the Ninth Circuit has expressly distinguished an attempt to interfere with the state court's *Sell* proceedings, which are subject to *Younger*, and a petition to prevent or discontinue involuntary medication after such proceedings were concluded, which is not. *Bean*, 986 F.3d at 1135-36; *see also Pagtakhan v. Foulk*, No. C 09-5495 SI (pr), 2010 WL 3769282, at \*1 (N.D. Cal. Sept. 21, 2010) (concluding that *Younger* precludes federal courts from interfering with a state court's consideration of an involuntary medication petition before it is decided). Therefore, petitioner's claims are subject to *Younger* abstention and are appropriately dismissed.

## CONCLUSION

For the reasons stated herein, plaintiff's request for a temporary restraining order barring a psychiatric evaluation, ECF 1, is DENIED. Because the possibility that petitioner may be subjected to involuntary psychiatric medication or confinement in a manner that violates his constitutional rights is speculative, the petition for a writ of habeas corpus is DISMISSED. This dismissal is without prejudice to petitioner's ability to file a subsequent suit in federal court if cognizable constitutional issues become concrete.

IT IS SO ORDERED.

DATED this 15th day of May, 2026.

Adrienne Nelson
United States District Judge

4